IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RANDELL GENE JACKSON,<br><br>        Petitioner,<br><br>vs.<br><br>BOB CORDLE, Superintendent, Lemon Creek Correctional Center,[1]<br><br>        Respondent. | No. 1:21-cv-00007-JKS<br><br>ORDER GRANTING STAY |

On March 29, 2021, Randell Gene Jackson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Jackson challenges his 2013 misdemeanor convictions of disorderly conduct, fourth-degree assault, and resisting arrest following a jury trial entered by the District Court for the State of Alaska, Case Number 1HA-12-00043CR. *Id.* at 1. Jackson contends that his conviction should be overturned because the trial court issued improper jury instructions, law enforcement made false statements in the criminal complaint against him and also at trial, the criminal complaint against him was defective, and two jurors were improperly seated over defense objection. *Id.* at 5, 7, 8, 10.

---

[1] Bob Cordle, Superintendent, Lemon Creek Correctional Center, is substituted for the State of Alaska. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

-1-

After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the majority of the claims raised in the Petition had not been presented properly to the State courts because Jackson did not petition in the Alaska Supreme Court for hearing of the denial of his post-conviction relief ("PCR") application. Docket No. 2 at 2-3. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner **must** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Jackson an opportunity to address his failure to fully raise the claims in State courts prior to filing in this Court, and gave him the option of: 1) proceeding solely on his instructional error claim, which was fully exhausted in the state courts on direct appeal; 2) voluntarily dismissing his Petition in its entirety, which would allow him to file a new federal habeas petition after he completed exhaustion in the state courts; or 3) requesting a stay of these proceedings while he pursued his unexhausted claims in state court. *Id.* at 3-4.

In response, Jackson asks that his failure to exhaust be excused because "petitions for hearing are regularly declined on discretion" and "it is highly unlikely" that the Alaska Supreme Court would grant a late-filed petition for hearing. Docket No. 3 at 3. Notably, exhaustion of a habeas claim may be excused if the petitioner cannot present his claim because there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). The exhaustion-of-state-remedies requirement may be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the [s]tate," but such cases are "exceptional" and of "great urgency"). It is not clear from the record or the past practices of the Alaska Supreme Court, however, that a late-filed petition for

hearing certainly would not granted. It therefore cannot be said that a state court remedy is unavailable to Jackson such that exhaustion may be excused here.

Jackson's response expresses a desire to raise these unexhausted claims in federal court rather than proceed solely on the exhausted instructional error claim. Typically, a petitioner like Jackson who files a "mixed petition" containing both exhausted and unexhausted claims may voluntarily dismiss the entire Petition, which the Court would dismiss without prejudice to re-file, and the petitioner could later file a new Petition containing all then-exhausted claims after properly raising them through the state courts. As the Court noted in its OSC, however, that procedure would not benefit Jackson here because the "in custody" requirement of 28 U.S.C. § 2254 requires a petitioner to "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *See* Docket No. 2 at 5 n.3. Because Jackson has now satisfied his 30-day sentence and is not subject to post-release supervision, Jackson would not meet the "in custody" requirement if he had to file a new habeas petition.[2]

Jackson therefore requests that this Court issue a stay of these proceedings to allow him to late-file in the Alaska Supreme Court a petition for hearing of the denial of his PCR application. Docket No. 3 at 5. The Court explained in the OSC that, in proceedings like this, where any or all claims in a petition are unexhausted with state remedy potentially available, a district court has discretion to enter a stay of the proceedings. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005) (stays of "mixed" petitions); *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (holding that *Rhines* applies to stays of fully unexhausted petitions). A *Rhines* stay is inappropriate here, however, because Jackson fails to satisfy the requisite good cause for failure to earlier exhaust his Petition. *Rhines*, 544 U.S. at 277.

---

[2] Because Jackson expresses confusion as to the "in custody" requirement, the Court clarifies that the requirement applies to the time the petition is filed. *Maleng v. Cook*, 490 U.S. 490-91 (1989). Jackson states that he was in custody at Lemon Creek Correctional Facility when the Petition at Docket No. 1 was filed, which, if true, would satisfy the "in custody" requirement.

It appears, however, that a stay is nonetheless available to Jackson under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), which does not require a petitioner to make a showing of good cause.³  A *Kelly* stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).

**IT IS THEREFORE ORDERED THAT** Jackson's motion for a stay is **GRANTED** under *Kelly* on the following conditions:

1. **On or before May 26, 2021**, Jackson shall late-file in the Alaska Supreme Court a petition for hearing of the Court of Appeals' decision in Case No. A-13406, which affirmed the judgment of the Superior Court denying his PCR application. He should file with this Court a copy of the petition that shows the state court filing date.

2. As soon as the Supreme Court rules on that petition for hearing, Jackson must lodge a copy of the ruling with this Court.

3. Assuming Jackson does not obtain relief from the Supreme Court (*i.e,* if the Supreme Court does not grant his petition for hearing), the Petition at Docket No. 1, with the unexhausted claims deleted, will be held in abeyance until 30 days after the Supreme Court's denial. During that time, Jackson should file in this Court a motion again raising the newly-exhausted claims. Jackson may use the same form petition he used for filing the Petition at Docket No. 1, or even re-submit that document with the title "Motion to Amend."

4. Jackson is warned that his failure to strictly comply with the terms of this Order may result in this action being dismissed for failure to prosecute or comply with court orders, or the stay being lifted and the Court proceeding to adjudicate only the exhausted instructional error claim.

---

³ Moreover, a *Kelly* stay, unlike a *Rhines* stay, "does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *King*, 564 F.3d at 1141. This means that, when total exhaustion has been achieved and the claims are ready to be added to the federal petition, those claims must be timely under the one-year limitations period ***when they are again presented in federal court***. This means that Jackson should quickly file for hearing in the Alaska Supreme Court and promptly again raise the claims in this Court, if necessary, once the Supreme Court issues its decision.

5. The Clerk of Court is respectfully directed to send Jackson a form petition for habeas relief, AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254.

6. The Clerk of Court is further directed to administratively close this case during the pendency of the stay. This closing order removes the action from the Court's active docket for record-keeping purposes; it does not affect the merits of Jackson's claims.

Dated at Anchorage, Alaska this 26th day of April, 2021.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
