IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RANDELL GENE JACKSON,<br><br>        Petitioner,<br><br>vs.<br><br>BOB CORDLE, Superintendent, Lemon Creek Correctional Center,<br><br>        Respondent. | No. 1:21-cv-00007-JKS<br><br>ORDER LIFTING STAY AND DIRECTING SERVICE AND RESPONSE |

Randell Gene Jackson, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Jackson challenges his 2013 misdemeanor convictions of disorderly conduct, fourth-degree assault, and resisting arrest following a jury trial entered by the District Court for the State of Alaska, Case Number 1HA-12-00043CR. *Id.* at 1. Jackson contends that his conviction should be overturned because the trial court issued improper jury instructions, law enforcement made false statements in the criminal complaint against him and also at trial, the criminal complaint against him was defective, and two jurors were improperly seated over defense objection. *Id.* at 5, 7, 8, 10.

After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the majority of the claims raised in the Petition had not been presented properly to the State courts because Jackson did not petition in the Alaska Supreme

Court for hearing of the denial of his post-conviction relief ("PCR") application. Docket No. 2 at 2-3. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner ***must*** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.*

Upon Jackson's request, the Court issued a limited stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), to allow Jackson to late-file in the Alaska Supreme Court a petition for hearing of the denial of his PCR application. Docket No. 4. Jackson filed in this Court notice showing that he complied with the Court's order and filed a petition for hearing in the Supreme Court. Docket No. 5. A review of the records of the Supreme Court show that the petition for hearing was denied on June 23, 2021. *See* https://appellate-records.courts.alaska.gov/ (*Jackson v. State*, Case No. S18065). It therefore appears that Jackson has now fully exhausted his claims, and the Court will therefore lift the stay and order Respondent to answer the Petition at Docket No. 1.

**IT IS THEREFORE ORDERED THAT**:

1. The Clerk of Court is respectfully directed to reopen this case.

2. The Clerk of the Court is further directed to serve this order and the Petition at Docket No. 1 on:

    Tamara DeLucia
    Office of Criminal Appeals
    1031 W. 4th Ave, Suite 200
    Anchorage, Alaska 99501

3. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the Respondent.[1] **Once an attorney is assigned to this case by the Office of Criminal Appeals, that**

---

[1] In this regard, Respondent has waived Federal Habeas Corpus Rule 4 regarding service.

**attorney shall immediately—and in no more than fourteen (14) days from the date of this order—file a notice of appearance.**

4. Respondent shall file and serve either an answer or a motion in response to the Petition within sixty (60) days from the date of this Order. *See* Rule 4, Rules Governing § 2254 Cases. The Court also notes its preference that any procedural issues raised in the Petition be addressed concurrently with the merits of the Petition. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4 and 5, Rules Governing § 2254 Cases. This should include a copy of:

   (1) any brief that the Petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;

   (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

   (3) the opinions and dispositive orders of the state appellate courts relative to the conviction or sentence.

5. Jackson's reply, if any, shall be filed and served within thirty (30) days of service of an answer.

Dated at Anchorage, Alaska this 28th day of June, 2021.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
