**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

RANDELL GENE JACKSON,

                Petitioner,

    v.

BOB CORDLE, Superintendent,
Lemon Creek Correctional Center,

                Respondent.

Case No. 1:21-cv-00007-SLG

## ORDER REGARDING 28 U.S.C. § 2254 PETITION

Before the Court at Docket 1 is *pro se* petitioner Randell Gene Jackson's

Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State

Custody. Respondent-Superintendent filed an Answer and Motion to Dismiss at

Docket 10. Mr. Jackson filed a reply at Docket 14.

Federal courts generally do not hold *pro se* habeas petitioners to the same

technical standards as litigants represented by counsel.[1] Courts "read[] *pro se*

pleadings generously, 'however inartfully pleaded.'"[2] Nonetheless, "[e]very pro

se petitioner must meet the same requirement to 'specify all the grounds for relief'

and the 'facts supporting each ground' in order to make the meritorious claims

---

[1] *See, e.g.*, *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

[2] *Davis*, 511 F.3d at 1009 n.4 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

more readily ascertainable. As with any complaint, a habeas petition must allege sufficient facts to establish the existence of an actionable claim; the absence of such facts cannot be cured by a liberal reading."[3]  A court is not required to construct claims for a *pro se* petitioner and is not required to "sift through voluminous documents . . . in order to divine the grounds or facts which allegedly warrant relief."[4]

## I.     Procedural background

***Trial and sentencing.***   In August 2013, an Alaska District Court jury convicted Mr. Jackson of Disorderly Conduct, Assault in the Fourth Degree, and Resisting Arrest stemming from an altercation between Mr. Jackson and three police officers at a bar in Haines, Alaska.  The trial court sentenced Mr. Jackson on October 17, 2013.[5]

***Direct appeal.***   On October 31, 2013, Mr. Jackson filed a *pro se* Notice of Appeal and supporting memorandum in the Superior Court for the State of

---

[3] *Ross v. Williams*, 896 F.3d 958, 969 (9th Cir. 2018), *rev'd en banc on other grounds*, 950 F.3d 1160 (9th Cir. 2020); *see also Buchanan v. Beard*, Case No. 10-0423-GPC, 2013 WL 2390435, at *3 (S.D. Cal. May 29, 2013) ("While it is true that '[p]ro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel,' this does not alter the legal standard applied to federal habeas petitions under § 2254(d)." (citation omitted) (quoting *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002))).

[4] *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir. 1990).  While district courts "should be lenient in their interpretation of *pro se* pleadings, . . . 'this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.'"  *Mayfield v. Scribner*, Case No. 07-CV-0340-JLS, 2008 WL 789926, at *5 (S.D. Cal. Mar. 21, 2008) (quoting *Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993)).

[5] Docket 1-1; Docket 10-5.

Alaska.[6]  In March 2015, Mr. Jackson's appellate counsel filed an opening brief.[7]

In March 2016, the Superior Court reversed Mr. Jackson's Disorderly Conduct

conviction, affirmed his Assault and Resisting Arrest convictions, and remanded

for re-sentencing.[8]

In May 2016, Mr. Jackson filed a Petition for Hearing in the Alaska

Supreme Court challenging the two affirmed convictions.[9]  In August 2016, the

Alaska Supreme Court denied the petition for a hearing.[10]

In April 2017, the Alaska District Court resentenced Mr. Jackson and

imposed concurrent 30-day sentences on each of the two remaining

convictions.[11]

**_State post-conviction proceedings._**   Prior to his resentencing, in

September 2016, Mr. Jackson filed a _pro se_ Application for Post-Conviction

---

[6] Docket 1-2.

[7] Docket 10-6.

[8] Docket 1-3; Docket 10-8.  The Superior Court remanded for new sentencing due to a mandatory-minimum sentence issue that is not relevant here.  _See_ Docket 1-3 at 24–26.

[9] Docket 1-4; Docket 10-9.

[10] Docket 1-4; Docket 10-9.

[11] Docket 1-5; Docket 10-10.

Relief.[12]  A court-appointed attorney later filed an amended application for relief.[13]

In March 2019, the Superior Court granted the State of Alaska's motion to dismiss

the post-conviction application because there was "no genuine issue of material

fact and . . . the State is entitled to judgment as a matter of law."[14]  Mr. Jackson

filed a motion for reconsideration, which the Superior Court denied.[15]

Mr. Jackson then filed a *pro se* appeal of the post-conviction dismissal in

the Alaska Court of Appeals.[16]  In December 2020, the Alaska Court of Appeals

affirmed the dismissal of the post-conviction petition.[17]  Mr. Jackson filed a motion

for reconsideration, which the Court of Appeals denied.[18]

***Federal habeas.***  On March 31, 2021, Mr. Jackson filed the instant habeas

corpus petition in the District of Alaska.[19]  Due to the procedural posture of the

state court case, Senior District Judge James K. Singleton, Jr., stayed the habeas

---

[12] Docket 10-11.  Mr. Jackson filed his *pro se* post-conviction application in the Alaska District Court.  His court-appointed counsel later filed an amended post-conviction application in the Alaska Superior Court.  Docket 10-13.  It appears that Mr. Jackson incorrectly filed in the Alaska District Court instead of in the Alaska Superior Court.

[13] Docket 10-12; Docket 10-13.

[14] Docket 1-6 at 1; Docket 10-22 at 1.

[15] Docket 10-23; Docket 10-24.

[16] Docket 1-7; Docket 10-28.

[17] Docket 1-8; Docket 10-31.

[18] Docket 1-9; Docket 10-32; Docket 10-33.

[19] Docket 1.

petition in April 2021 so as to allow Mr. Jackson leave to "late-file in the Alaska Supreme Court a petition for hearing of the Court of Appeals' decision" in the post-conviction case.[20]

In May 2021, Mr. Jackson filed a Petition for Hearing in the Alaska Supreme Court.[21] In June 2021, the Alaska Supreme Court denied the petition.[22]

In June 2021, Judge Singleton found that "Jackson has now fully exhausted his claims," lifted the stay, and ordered a response to the § 2254 petition, which was subsequently filed.[23]

## II. Statute of limitations and custody requirement

Respondent does not contest that, once tolling is calculated, Mr. Jackson's habeas petition was timely filed within the one-year statute of limitations.[24] Respondent also does not contest that Mr. Jackson was in custody when his habeas petition was filed.[25] The Court agrees that the petition was timely filed

---

[20] Docket 4 at 4.

[21] Docket 10-35.

[22] Docket 10-37.

[23] Docket 6 at 2; Docket 10.

[24] Docket 10 at 15.

[25] Docket 10 at 15. Mr. Jackson served his 30-day concurrent sentences in the underlying state court case starting on March 29, 2021. Docket 1-10. The instant habeas petition was filed on March 31, 2021. Docket 1.

and that Mr. Jackson was in custody for the challenged convictions when the petition was filed.

## III. Petitioner's federal habeas claims

Mr. Jackson raises four claims for relief:

(1) "Improper Jury instruction for use of force in self defense and jury unanimity on each charge."[26]

(2) "False statements of HBPD [Haines Borough Police Department] in criminal complaint and testimony at trial."[27]

(3) "Criminal complaint was unsigned, had no complainants [sic] name and was attested to on arraignment by officer not involved (Sgt Ford) that had no personal knowledge of the substance of the complaint."[28]

(4) "2 jurors improperly seated after defense counsel motion to remove for cause."[29]

## IV. Applicable procedural law

*The exhaustion requirement (28 U.S.C. § 2254(b)):* Habeas relief cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State."[30] Exhaustion requires fair presentation of both the operative

---

[26] Docket 1 at 5.

[27] Docket 1 at 7.

[28] Docket 1 at 8.

[29] Docket 1 at 10.

[30] 28 U.S.C. § 2254(b)(1)(A). Mr. Jackson does not assert that "there is an absence of

facts and the federal legal theory to the state courts.[31]  Thus, a petitioner must have apprised the state courts of the specific legal basis of the asserted federal constitutional violation: "If a habeas petitioner wishes to claim that . . . a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."[32]  "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court."[33]

*AEDPA deference:* Exhausted cognizable federal claims are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[34]  Pursuant to AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a

---

available State corrective process" or that "circumstances exist that render such process ineffective" to protect his rights.  28 U.S.C. § 2254(b)(1)(B).

[31] *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (citing *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994)); *cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

[32] *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

[33] *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[34] *See Lindh v. Murphy*, 521 U.S. 320 (1997).

decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.[35] In deciding a state prisoner's habeas petition, a federal court does not decide whether it agrees with the state court's determination; rather, the federal court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable.[36] Habeas relief will only be granted "if the last reasoned state court opinion . . . 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"[37] Where there is no reasoned decision from the state's highest court, a court "look[s] through" to "the last state-court decision that provides a reasoned explanation capable of review."[38]

## V.     Claims 1, 3, and 4 do not present cognizable federal claims.

This Court's jurisdiction to adjudicate challenges to a state court conviction is limited to claims of violations of the U.S. Constitution, federal law, or treaties of the United States.[39] "[A] violation of state law standing alone is not cognizable

---

[35] 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

[36] *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

[37] *Grotemeyer v. Hickman*, 393 F.3d 871, 877 (9th Cir. 2004) (footnote omitted) (quoting 28 U.S.C. § 2254(d)(1)).

[38] *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (citing *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

[39] 28 U.S.C. § 2254(a).

in federal court on habeas."[40]  A claim that amounts to an allegation that state law was misapplied does not provide a basis for habeas relief.[41]  Here, Claims 1, 3, and 4 do not raise cognizable federal claims.

### A. Claim 1: Jury instructions related to use of force and jury unanimity

Claim 1 asserts that the jury was incorrectly instructed under Alaska law as to the elements of self-defense and that the resisting arrest instructions did not require factual unanimity as to when Mr. Jackson knew he was under arrest.[42]

---

[40] *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

[41] *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006).

[42] Docket 14 at 3.  The specifics of Claim 1 are not well pleaded.  As best the Court can determine, the bases of Claim 1—as described by the Alaska Superior Court on direct appeal of Mr. Jackson's trial—are as follows:

First, that the jury should have been instructed that "once he met his burden of presenting 'some evidence' justifying an instruction on self-defense, the court should have given an instruction on the force an officer may use in arresting an individual; if the jury then found the officer exceeded the level of justified force, Mr. Jackson was entitled to use force to resist the arrest.  If the jury found the defendant used force to resist the arrest, it then had to determine if the level of force used exceeded that justified under the self-defense statutes.  If the defendant's use of force was justified and did not exceed the level authorized, the jury must have been instructed to return a verdict of not guilty on the charge of resisting arrest."  Docket 1-3 at 13–14.  As to this claim on appeal, the Alaska Superior Court held that "the trial court failed to give an instruction that completely encapsulated the area of self-defense as to arrests by police officers.  However, the effect of the trial court's omission in this instruction was to *increase* the burden on the state."  Docket 1-3 at 15.

Second, that the jury should have been instructed that before it could "convict Jackson of resisting arrest, it must have unanimously agreed on the point in time after which Mr. Jackson knew he was under arrest and found that after that point in time he used force with the intent to resist arrest."  Docket 1-3 at 16.  On appeal, the Alaska Superior Court held that based on the evidence at trial and the State's theory of the case, "there was no reasonable possibility that the jury's verdict would have been different even if the jurors had been properly instructed on the need for factual unanimity."  Docket 1-3 at 18.

Mr. Jackson did not object to either of these jury instructions at trial.[43]

Self-defense is governed by Alaska Statutes §§ 11.81.330 and 11.81.335. "Insofar as [a habeas petitioner] simply challenges the correctness of the state . . . jury instructions, he has alleged no deprivation of federal rights. When a state prisoner has failed to allege a deprivation of a federal right, § 2254 does not apply . . . ."[44] As to the self-defense jury instruction, Mr. Jackson does not make a specific federal constitutional claim, but states in his reply as to Claim 1 only that "[c]onstitutional error was not avoided."[45] Moreover, Mr. Jackson does not cite any federal authority for this aspect of Claim 1 or explain how his federal constitutional rights were violated by the jury instructions regarding self-defense. The challenge to the self-defense jury instruction in Claim 1 does not meet the federal claim requirement, and it is dismissed.

Resisting arrest is governed by Alaska Statute § 11.56.700. Mr. Jackson alleges that the state court erred in not *sua sponte* giving a factual unanimity

---

[43] Docket 1-3 at 13, 16.

[44] *Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983) (citing *Engle v. Isaac*, 456 U.S. 107, 1567 n.19, 1567–68 (1982)); *see also Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998) (finding no federal claim raised when "Keating argued in his reply brief that the jury instructions did not include a mens rea requirement, but did not argue that this omission violated the U.S. Constitution").

[45] Docket 14 at 3. Mr. Jackson's reply elsewhere asserts that "Jackson has made clear that his claim is the right to a fair trial, under the due process clause of the Fourteenth amendment." Docket 14 at 2. However, even liberally construed, Mr. Jackson appears to connect this due process assertion to Claim 2, not to Claim 1. A petition that refers to provisions of the federal Constitution with respect to some claims, but not with respect to a specific claim, does not raise a federal claim as to the specific claim. *Baldwin*, 541 U.S. at 33.

instruction related to resisting arrest, and thus he simply challenges the correctness of the state court's jury instructions. Mr. Jackson does not make a specific federal constitutional claim as to the resisting arrest jury instruction, but states in his reply as to Claim 1 only that "[c]onstitutional error was not avoided," just as he did with the self-defense instruction.[46] Moreover, Mr. Jackson does not cite any federal authority for this aspect of Claim 1 or explain how his federal constitutional rights were violated by the jury instructions regarding resisting arrest. Moreover, even if Claim 1 were viewed as a unanimity instruction issue (as opposed to a resisting arrest instruction issue), the state court determined that there was no error in the omission of a factual unanimity instruction,[47] which is a binding interpretation of state law.[48] The resisting arrest jury instruction in Claim 1 does not meet the federal claim requirement, and it is dismissed.

---

[46] Docket 14 at 3. Mr. Jackson's reply elsewhere asserts that "Jackson has made clear that his claim is the right to a fair trial, under the due process clause of the Fourteenth amendment." Docket 14 at 2. However, even liberally construed, Mr. Jackson appears to connect this due process assertion to Claim 2, not to Claim 1. A petition that refers to provisions of the federal Constitution with respect to some claims, but not with respect to a specific claim, does not raise a federal claim as to the specific claim. *Baldwin*, 541 U.S. at 33.

[47] Docket 1-3 at 18; *accord* Docket 1-6 at 12–13.

[48] *See Hassan v. Morawcznski*, 405 Fed. App'x 129, 131–32 (9th Cir. 2010) (holding that state court determination that there was no error in the omission of unanimity instruction is a binding interpretation of state law); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

### B. Claim 3: Criminal complaint

In Claim 3, Mr. Jackson contends that the criminal complaint filed against him was unsigned and was attested to at arraignment by an officer who was not involved and had no personal knowledge of the basis of the complaint.[49]  Criminal complaints and attestations at arraignment in Alaska state court are purely matters of state procedural law.  Alaska Rule of Criminal Procedure 3 governs complaints and authorizes them to be made *either* by certified signature or upon affirmation in court that the complaint is true.  Mr. Jackson does not assert that Rule 3 itself violates the federal Constitution.

Mr. Jackson's reply maintains that Claim 3 involves the "right to a fair trial, under the due process clause of the Fourteenth amendment."[50]  Although Mr. Jackson asserts a violation of the Fourteenth Amendment, he does not elaborate in these federal habeas proceedings how the alleged error by the state court presents a cognizable federal claim.  Mr. Jackson's reference to federal law in his reply does not transform this claim into a federal claim; a § 2254 petitioner cannot transform a state claim into a federal claim merely by including the phrase "due process violation."[51]  Mr. Jackson is challenging the state court's application

---

[49] Docket 1 at 8.  This claim overlaps somewhat with Claim 2, which is addressed *infra*.

[50] Docket 14 at 4.

[51] *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (errors of state law cannot be repackaged as federal errors simply by citing the due process clause) (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a

Case 1:21-cv-00007-SLG   Document 16   Filed 07/21/22   Page 12 of 21

of a state court rule, not a federal law, and "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules."[52] Claim 3 does not meet the federal claim requirement, and it is dismissed.

### C. Claim 4: Seating of two jurors after a defense for-cause challenge

In Claim 4, Mr. Jackson asserts that two jurors were ineligible to serve as jurors due to their employment as an assistant city manager and a retired police officer and that the trial court denied defense for-cause challenges to those jurors.[53] Mr. Jackson cites to the Alaska Rules of Criminal Procedure and asserts that "[t]he rules of court establish the process due in a fair trial and that protection was violated when ineligible jurors are not removed after challenge for cause."[54] Specifically, Mr. Jackson asserts that the seating of the two jurors violated Alaska Rule of Criminal Procedure 24(c)(4) and (14) and that the trial court incorrectly applied that rule when considering for-cause challenges.[55] Mr. Jackson does not allege that Rule 24 violates the federal Constitution.

---

federal one merely by asserting a violation of due process")).

[52] *Poland*, 169 F.3d at 584.

[53] Docket 1 at 10; Docket 14 at 7. Mr. Jackson does not explain why the defense did not exercise peremptory challenges as to the two jurors.

[54] Docket 14 at 7.

[55] Docket 14 at 7. Rule 24(c)(4) authorizes for-cause removal of a prospective juror if "the person has opinions or conscientious scruples which would improperly influence the person's verdict." Rule 24(c)(14) authorizes for-cause removal of a prospective juror if "the person is employed by an agency, department, division, commission, or other unit of the State of Alaska, including a municipal corporation, which is directly involved in the case to be tried."

In his reply, Mr. Jackson states that the denial of his for-cause challenges violated due process,[56] but his claim is based on the state court's interpretation of its procedural rules, and he cites no federal authority to support his position or explain how federal law was violated. Mr. Jackson's sole reliance on the purported violation of a state court rule belies his assertion that this is a cognizable federal claim. As noted, a § 2254 petitioner cannot transform a state claim into a federal claim merely by including the phrase "due process violation."[57] Rather, "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules."[58] Claim 4 does not meet the federal claim requirement, and it is dismissed.

## VI. Analysis of Claim 2: Statements by Haines Borough Police Department

In Claim 2, Mr. Jackson maintains that Haines Borough Police Department officers made false statements in the criminal complaint and in their trial testimony.[59] Mr. Jackson maintains in his reply that Claim 2 alleges a violation

---

[56] Docket 14 at 7. Mr. Jackson writes that "[t]he rules of court establish the process due in a fair trial and that protection was violated with ineligible jurors are not removed after challenge for cause." Docket 14 at 7.

[57] *Poland*, 169 F.3d at 584 (errors of state law cannot be repackaged as federal errors simply by citing the due process clause) (citing *Langford*, 110 F.3d at 1389 (petitioner cannot transform a state-law issue into a federal one merely by asserting a due process violation)).

[58] *Poland*, 169 F.3d at 584.

[59] Docket 1 at 7; Docket 14 at 6.

of "the right to a fair trial, under the due process clause of the Fourteenth amendment, a constitutionally protected right."[60]

Mr. Jackson asserts that three officers gave false testimony: Officer Ford, Officer Knore, and Officer Rettinger.[61] Specifically, Mr. Jackson claims that Officer Ford "falsely claimed to have signed the charging document"[62] and that Officer Knore gave internally conflicting testimony at trial as to when Mr. Jackson kicked him.[63] As to Officer Rettinger, Mr. Jackson does not appear to claim that Officer Rettinger *himself* gave false testimony, but that his testimony contradicts the statements of Officer Ford and Officer Knore and thus shows that Officers Ford and Knore were untruthful.[64] A claim that Officer Rettinger gave truthful testimony is not a viable federal habeas claim, and Claim 2 is dismissed as to Officer Rettinger.

As to Officer Ford, Mr. Jackson asserts that he falsely attested to the criminal complaint at arraignment. Specifically, he maintains that Officer Ford's statements in the complaint were false as to (1) the extent of the investigation

---

[60] Docket 14 at 2; *accord* Docket 14 at 4 ("Jackson has made it clear that his claim (2–3) is a right to a fair trial, under the due process clause of the Fourteenth amendment . . . .").

[61] Docket 14 at 6.

[62] Docket 14 at 6.

[63] Docket 14 at 6.

[64] *See* Docket 14 at 6.

and (2) certain witness statements.[65]  It appears that this portion of Claim 2 is not exhausted, as it was not raised in the state court before the trial court or on direct appeal.  Issues related to the criminal complaint were first raised by Mr. Jackson in his state post-conviction proceeding.  And Mr. Jackson's *pro se* application for post-conviction relief only raises the issue that "[t]he original complaint is unsigned and there is no complaining officers name in body of complaint."[66]  The amended application for post-conviction relief filed by counsel addresses the issue of the complaint being unsigned in the context of an ineffective assistance of counsel claim, but also does not raise the issue of allegedly false statements in the complaint.[67]  In a *pro se* filing by Mr. Jackson entitled "Memoranda on PCR Petition Claims of Perjury," Mr. Jackson raised only the issue of a different officer giving allegedly false testimony at trial.[68]  The post-conviction court described Mr. Jackson's allegation as "the complaint lacking the complainant's name and signature" and did not address this issue related to Officer Ford on the merits other than to note that Mr. Jackson "failed to argue how these deficiencies [the lack of the complainant's name and signature] violate the Constitution."[69]  Thus,

---

[65] According to Mr. Jackson, Officer Ford did not testify at the trial where Mr. Jackson was convicted.  Docket 14 at 6.

[66] Docket 10-11 at 4.

[67] Docket 10-13 at 3–5.

[68] Docket 10-17 (discussing trial testimony of Officer Knore).

[69] Docket 1-6 at 4.

as to Officer Ford, Mr. Jackson has not exhausted his claims because the issue of whether Officer Ford made false statements in the criminal complaint was never raised in the state courts.[70]

Claim 2 as to Officers Ford and Rettinger is dismissed. The Court considers Claim 2 only as to Officer Knore.

### A. Claim 2 is subject to AEDPA deference.

What remains of Claim 2—the testimony of Officer Knore—is subject to AEDPA deference because there is a reasoned state court decision on the merits by the post-conviction trial court. The post-conviction trial court, in granting the state's motion to dismiss, expressly considered Mr. Jackson's federal constitutional claim related to alleged perjury by Officer Knore and concluded that "Jackson does not establish that any discrepancies in Officer Knore's testimony entitle him to relief."[71]

---

[70] Judge Singleton previously ruled that, once Mr. Jackson had filed a petition for hearing of the denial of his post-conviction application with the Alaska Supreme Court, and the petition had been denied, it "appear[ed] that Jackson [had] now fully exhausted his claims." Docket 6 at 2. This Court is not bound by Judge Singleton's conclusion as to exhaustion and departs from Judge Singleton's conclusion as to the exhaustion of this specific claim. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (explaining that the law of the case doctrine "is not a limitation on a tribunal's power, but rather a guide to discretion" and is not binding when the previous judicial decision was in error).

[71] Docket 10-22 at 5–6 (citing *Donnelly v. State*, 516 P.2d 396, 400 n.7 (Alaska 1973), for the proposition that "conclusory allegations of perjury are not a basis for post-conviction relief," which in turn cited *Marcella v. United States*, 344 F.2d 876, 880 (9th Cir. 1965), "for the proposition that the movant must show 'that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured'");*see Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural

On post-conviction appeal, the Alaska Court of Appeals affirmed the trial court on procedural grounds and did not consider the claim on its merits.[72] The Alaska Supreme Court then summarily denied Mr. Jackson's petition for hearing of the post-conviction case.[73] Accordingly, this Court "looks through" to the post-conviction state trial court's decision. Because the post-conviction trial court gave reasons for its denial of Mr. Jackson's perjury claim, this Court "consider[s] these reasons, and determine[s] if the state court's adjudication was on the merits, or procedural."[74] Here, the adjudication was on the merits, and Mr. Jackson has not attempted to overcome the presumption that the decision was on the merits.[75] Thus, this Court applies AEDPA's highly differential standard of review to ascertain if the state post-conviction trial court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[76]

---

principles to the contrary.").

[72] Docket 10-31.

[73] Docket 10-37.

[74] *Amado v. Gonzalez*, 758 F.3d 1119, 1131 (9th Cir. 2014).

[75] Docket 10-22 at 5–6; *see also Kyzar v. Ryan*, 780 F.3d 940, 948 (9th Cir. 2015) ("Kyzar has not attempted to overcome the presumption that his claim was adjudicated on the merits in state court, so AEDPA's deferential standards of review govern this case.").

[76] 28 U.S.C. § 2254(d)(1).

**B. The state court's decision was not contrary to and did not involve an unreasonable application of clearly established Federal law.**

The state post-conviction trial court rejected Mr. Jackson's perjury claim as follows:

> Jackson argues the Constitution was violated by Officer Knore perjuring himself by making two contradictory statements while under oath. Jackson cites to statements made by Officer Knore regarding what transpired around the time Jackson allegedly kicked Officer Knore in the groin. The contradiction in question regards Officer Knore stating at one point that when he was kicked in the groin Officer Patterson had left to get the car, and shortly after admitting that based on an audio recording, Officer Patterson would had to have been there when he was kicked.
> Having an imperfect memory—particularly after being kicked in the groin—is human. Officer Knore admits that after being kicked he "kind of bent over" and "really can't recall" precisely what transpired. Eliciting contradictory statements under oath does not establish perjury. To the extent Officer Knore's statements were contradictory, it was the role of the jury to take the contradiction into account when weighing Officer Knore's credibility. The jury's verdict suggests that the jury found Officer Knore to be a credible witness. Jackson does not establish that any discrepancies in Officer Knore's testimony entitle him to relief.[77]

The clearly established Supreme Court precedent governing these claims is *Mooney v. Holohan*, 294 U.S. 103 (1935), and *Napue v. Illinois*, 360 U.S. 264 (1959). "To prevail on a claim based on *Mooney–Napue,* the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution

---

[77] Docket 10-22 at 5–6 (footnotes omitted) (citing *Donnelly*, 516 P.2d at 400 n.7, for the proposition that "conclusory allegations of perjury are not a basis for post-conviction relief," which in turn cites *Marcella*, 344 F.2d at 880, "for the proposition that the movant must show 'that the testimony was perjured and that the prosecution officials knew at the time such testimony was used that it was perjured'").

knew or should have known that the testimony was actually false, and (3) that the false testimony was material."[78]  "Material" means that there is a reasonable likelihood that the false evidence or testimony could have affected the judgment of the jury.[79]

The inconsistencies in Officer Knore's trial testimony are not sufficient to show that he committed perjury, much less that the prosecution knew that he was lying.  Mr. Jackson has offered no evidence outside the trial court record to support his allegation that the prosecution knowingly used false testimony or otherwise intended to mislead the jury or that Officer Knore's trial testimony was actually false.  The state post-conviction trial court concluded that the inconsistencies in the statements made by Officer Knore did not establish perjury and that the statements were instead merely contradictory.  The Court concludes that the state court's analysis of Mr. Jackson's claim was neither contrary to clearly established federal law as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts.  Claim 2 is denied as to Officer Knore.

---

[78] *United States v. Zuno–Arce*, 339 F.3d 886, 889 (9th Cir. 2003) (citing *Napue*, 360 U.S. at 269–71).

[79] *Morris v. Ylst*, 447 F.3d 735, 743 (9th Cir. 2006).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Claims 1, 3, and 4 are DISMISSED and Claim 2 is DISMISSED as to Officers Ford and Rettinger and DENIED as to Officer Knore.  IT IS FURTHER ORDERED that the petition at Docket 1 is DENIED and the motion to dismiss at Docket 10 is GRANTED.  The Court further finds that Mr. Jackson has not made the requisite substantial showing of the denial of a federal constitutional right, and therefore a certificate of appealability will not be issued by this Court.[80]  After a final judgment is entered in this case, Mr. Jackson may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 21st day of July, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[80] 28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 474–75 (2000) (holding that certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further' (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983))).