# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RANDELL GENE JACKSON,<br><br>    Petitioner,<br><br>  v.<br><br>BOB CORDLE, Superintendent,<br>Lemon Creek Correctional Center,<br><br>    Respondent. | Case No. 1:21-cv-00007-SLG |

## ORDER REGARDING MOTION TO ACCEPT LATE NOTICE OF APPEAL

  Before the Court at Docket 19 is pro se petitioner Randell Gene Jackson's Motion to Accept Late Filing.

  On July 21, 2022, the Court denied Mr. Jackson's 28 U.S.C. § 2254 motion and entered a judgment accordingly.[1] On September 12, 2022, Mr. Jackson filed a late notice of appeal.[2] Rule 11(b) of the Rules Governing § 2254 Cases in the United States District Courts applies Federal Rule of Appellate Procedure 4(a) to appeals of § 2254 decisions. Pursuant to Rule 4(a), a notice of appeal must be filed within 30 days after entry of judgment. Mr. Jackson's notice of appeal was not filed within 30 days of the entry of judgment. However, Rule 4(a)(5) authorizes a district court to extend the time to file a notice of appeal for an

---

[1] Docket 16; Docket 17.

[2] Docket 18.

additional 30 days. Mr. Jackson's notice of appeal was filed within 30 days of the original 30 days proscribed by Rule 4(a). Accordingly, the instant motion is timely.

The Court must find "excusable neglect or good cause" for the delay in the filing of notice of appeal in order to allow a late notice.[3] Here, the "excusable neglect" standard applies because the delay was the fault of Mr. Jackson: Mr. Jackson asserts that he "had covid in early August and was adversely effect [sic] by symptoms for 3 weeks that prevented proper review of the courts [sic] order that denies habeus [sic] relief."[4] In determining if excusable neglect exists, courts consider "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith."[5]

The Court finds that the factors weigh in favor of finding excusable delay. The danger of prejudice to the defendant is minimal because the Court has

---

[3] Fed. R. App. P. 4(a)(5)(A)(ii).

[4] Docket 19 at 1. *See also* Fed. R. App. P. 4, Comm. Notes on Rules—2002 Amendment ("The good cause and excusable neglect standards have 'different domains.' *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.").

[5] *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

Case No. 1:21-cv-00007-SLG, *Jackson v. Cordle*
Order Re Motion to Accept Late Notice of Appeal
Page 2 of 3
Case 1:21-cv-00007-SLG   Document 20   Filed 09/19/22   Page 2 of 3

denied a certificate of appealability and concluded that there are no meritorious issues for appeal. The length of the delay is minimal; Mr. Jackson's notice of appeal was filed approximately three weeks past the deadline. The purported reason for the delay—Mr. Jackson having COVID-19—was somewhat out of his control, despite him having received notice of the Court's entry of judgment. And Mr. Jackson's conduct appears to be in good faith, as he has continuously sought relief from his state court convictions. Accordingly, the Court finds excusable delay.

Despite granting the instant motion to file a late notice of appeal, the Court continues to find that Mr. Jackson has not made the requisite substantial showing of the denial of a federal constitutional right, and therefore a certificate of appealability will not be issued by this Court.[6] Mr. Jackson may request a certificate of appealability from the Ninth Circuit Court of Appeals.

In light of the foregoing, the motion at Docket 19 is GRANTED. The Notice of Appeal filed at Docket 18 is accepted as timely filed.

DATED this 19th day of September, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 1:21-cv-00007-SLG, *Jackson v. Cordle*
Order Re Motion to Accept Late Notice of Appeal
Page 3 of 3
Case 1:21-cv-00007-SLG   Document 20   Filed 09/19/22   Page 3 of 3